

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00502-CR

| | | |
|---|---|---|
| April Nicole Harps | § | From Criminal District Court No. 3 |
| | § | of Tarrant County (1296834D) |
| v. | § | December 13, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed.  It is ordered that the appeal is dismissed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-12-00502-CR**

APRIL NICOLE HARPS          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On September 25, 2012, as part of a plea-bargain agreement, Appellant April Nicole Harps pled guilty to criminal mischief, and the trial court sentenced her to six months' confinement in a state-jail facility. Also on September 25, 2012, the trial court certified that this is a plea-bargain case and that Appellant has no right of appeal.

---

[1]*See* Tex. R. App. P. 47.4.

Despite the trial court's certification, Appellant filed a pro se notice of appeal on October 10, 2012. On October 24, 2012, we notified Appellant's counsel and Appellant that the trial court's certification indicating that Appellant had no right of appeal had been filed in this court and that this appeal could be dismissed unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before November 5, 2012. *See* Tex. R. App. P. 25.2(d), 44.3. To date, we have received no response.

Rule 25.2(a)(2) limits the right of appeal in a plea-bargain case to matters that were raised by written motion filed and ruled on before trial or to cases in which the appellant obtained the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). The trial court's certification shows that Appellant did not obtain the trial court's permission to appeal, and Appellant does not challenge a pretrial ruling on a written motion or the validity of her waiver of the right to appeal such a motion, which the record shows she made as part of the plea-bargain agreement. Accordingly, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 13, 2012

2